UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JPMORGAN CHASE BANK,                                        :
                                                            :
                      Plaintiff,                         :
                                                            :      03 Civ. 8535 (GEL)
                                                            :
           -v-                                         :      **OPINION AND ORDER**
                                                            :
GARY WINNICK, et al.,                                       :
                                                            :
                      Defendants.                        :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       On April 21, 2005, the Court heard oral argument concerning the proper scope of plaintiff JPMorgan Chase Bank's ("JPM") discovery obligations in the above-captioned case. JPM, in its capacity as Administrative Agent under a Credit Agreement entered into on August 10, 2000 (the "Credit Agreement"), between a consortium of approximately 50 lenders (the "Banks") and Global Crossing Ltd. ("GC"), brings this suit against various officers, directors, and employees of GC in connection with loans extended to GC by the Banks pursuant to the Credit Agreement. JPM claims the authority under the Credit Agreement to "bring[] this action on behalf of the Banks" (Compl. ¶ 16), and/or their assignees.[1] Plaintiff's position as administrative agent for the banks and/or their assignees raises the unusual issues about plaintiff's discovery obligations that are presented here.

---

[1] JPM's principals fall into two categories – Banks that loaned money to GC in August and September 2001 and continue to hold at least some of their interest in the debt, and institutions that purchased the original lenders' debt in the secondary market, mostly after GC's January 2002 bankruptcy filling.

Plaintiff claims that GC made fraudulent misrepresentations to the Banks regarding the company's compliance with certain financial covenants in the Credit Agreement so as to mislead the Banks into extending GC credit. Defendants contend, in relevant part, that the Banks' alleged reliance on these representations when funding GC's borrowing requests under the Credit Agreement, and the reasonableness of that reliance, is at issue in this case, and seek discovery on that subject. Defendants have accordingly served document requests, interrogatories, and deposition notices on JPM, seeking documents, information, and witnesses in the Banks' possession, custody, or control.

JPM objects to defendants' discovery requests on several interrelated grounds. JPM argues that (a) the documents sought are not within JPM's possession, custody, or control; (b) JPM's powers as agent do not include the right to demand documents, information, and witnesses from the Banks; (c) the Banks are not parties to the case and need not respond to party discovery such as interrogatories or deposition notices; (d) most of the Banks have transferred all their interests in the debt – including, allegedly, the tort claims in this action – through assignments to current holder-assignees,[2] who contend they have no contractual or other right to demand documents and information from their Bank-assignors; and (e) it is not more burdensome for defendants to obtain discovery from the Banks than it is for JPM, and defendants are better situated to enforce disputed discovery from any unwilling Bank.

Viewed from any angle, plaintiff's position cannot be correct. It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the

---

[2] Such current holder-assignees and such Banks as have retained some or all of their interests in the debt referred to hereafter as the "Real Parties in Interest"

obligations that go with litigating a claim. If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear. Stated another way, on plaintiff's theory, by assigning their tort claims, the Banks also shifted onto defendants the cost of third-party discovery, where the third parties are the very institutions asserting that they were defrauded.

It would be unfair to the defendants to permit plaintiff and the assignees to divorce the benefits of the claims from the obligations that come with the right to assert them, to the detriment of defendants. The burden of these discovery obligations is not insubstantial. Many of the original lenders are located outside the United States and thus beyond the subpoena power of the Court. Even in connection with some domestic parties that are not within the immediate power of this Court, defendants would have to persuade courts in other districts, unfamiliar with the litigation, to enforce subpoenas. The claims being asserted are those of the original lenders. They cannot be asserted by an agent or assignee without the concomitant obligation to produce relevant discovery to defendants. If plaintiff and the assignees failed to obtain rights to insist on cooperation from their assignors in providing such discovery, and cannot persuade the lending Banks to cooperate now, that is their problem, not defendants'.

Plaintiff complains that imposing such discovery obligations on it is unprecedented. That is incorrect. See, e.g., Bank of New York v. Meridien Biao Bank Tanzania Ltd., 171 F.R.D. 135 (S.D.N.Y. 1997); see also Compagnie Française D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16 (S.D.N.Y. 1984); Firemen's Mutual Ins. Co v. Erie-Lackawanna R.R. Co., 35 F.R.D. 297 (N.D. Ohio 1964). In Bank of New York, the Court stated

that it would be "patently unfair" to let an assignee evade discovery obligations that the original debt owner would have had to sustain, leaving it to the opposing party both to obtain the discovery from the original debt owner and to provide the assignee with discovery in its control. 171 F.R.D. at 149.  Plaintiff rightly points out that Bank of New York is distinguishable insofar as the assignment at issue there was made after litigation and discovery had already commenced.  Ultimately, however, this distinction is without difference.  The implication of plaintiff's line-drawing is that the same unfairness can be imposed more subtly by assigning claims before tort litigation is underway.  But the prejudice to defendants is equal either way.

      The question posed in this dispute is who should properly bear the risks and burdens of discovery from the original lender Banks.  Comparing the position of JPM to that of defendants, the most reasonable conclusion is that plaintiff and assignees should bear the cost of discovery.  After all, since the assignees are suing in the shoes of the original lenders, having purchased the right to bring the lawsuit, there is nothing unfair about imposing on them the cost of purchasing cooperation or otherwise complying with discovery obligations.

      Having heard and considered the arguments of the parties, and having reviewed their April 8, 2005, joint-letter submission, for the foregoing reasons as well as those set forth on the record in open court on April 21, 2005, it is hereby ORDERED that:

      1. The Real Parties in Interest, through JPM as agent, are the Banks that continue to hold debt and the assignees that claim to be suing in the shoes of the Banks.  In asserting such claims, and notwithstanding their claimed lack of authority to cause production of evidence or information by the Banks, JPM and the Real Parties in Interest have the duty to produce the documents, information, and witness testimony to which defendants would be entitled in

discovery from parties under the Federal Rules of Civil Procedure, just as if the Banks had brought this action themselves on their own claims.

2. Defendants may take discovery of the Banks and the Real Parties in Interest pursuant to Rules 30, 33, 34, and 36 of the Federal Rules of Civil Procedure by serving discovery requests upon JPM. Any objections that JPM, the Banks, or the Real Parties in Interest may have to such discovery based upon the assertion that the Banks or the Real Parties in Interest are not parties to this action are overruled.

3. JPM must respond for the Banks and the Real Parties in Interest to the defendants' discovery requests. JPM may interpose objections to the content of defendants' discovery requests on behalf of the Banks and the Real Parties in Interest, except to the extent such objections have been ruled on in this or any other previous Order of the Court. The Banks and the Real Parties in Interest may themselves interpose objections to the content of defendants' discovery requests, provided that by doing so they waive any objection to being treated as parties to the litigation for purposes of discovery.

4. If JPM cannot obtain and produce documents, provide information in response to interrogatories, and/or produce witnesses for deposition from the Banks or the Real Parties in Interest in response to defendants' discovery requests within a reasonable time consistent with the Federal Rules of Civil Procedure, the Court will entertain motions from defendants for appropriate sanctions pursuant to, inter alia, Federal Rule of Civil Procedure 37(c), including motions to strike claims relating to non-complaint Banks or Real Parties in Interest.

SO ORDERED:

Dated: New York, New York
       May 9, 2005

                                                 *_____*
                                                 GERARD E. LYNCH
                                                 United States District Judge