UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JPMORGAN CHASE BANK,

                Plaintiff,

       -v-

GARY WINNICK, et al.,

                Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/05

03 Civ. 8535 (GEL)

**OPINION AND ORDER**

GERARD E. LYNCH, District Judge:

    By joint letter dated August 22, 2005, the parties to this action submitted a discovery dispute to the Court. Defendants Winnick and Cook seek all documents reflecting communications between JPMorgan and Winnick, Cook, or any of various entities affiliated with Winnick, and any documents reflecting business dealings or potential dealings with those individuals or entities. JPMorgan objects on grounds of relevance, burden, and duplicativeness of previous discovery demands.

    Although the parties' submissions range widely over various issues, the parties share more common ground than they may like to admit. Opposing JPMorgan's claim that defendants' demand at issue here, read literally, would require a burdensome search of the files of all bank departments, even those of a "junior-ranking JPMC employee . . . [who] may have communicated with Winnick regarding his private checking account" (Joint Letter at 9), defendants respond that JPMorgan presumably did not "entrust[] the service of Mr. Winnick's business to more than a handful of senior employees" (id. at 3). Defendants correctly note that "to the extent that internal or external communications bearing upon the nature and significance

of the Winnick Entities relationship . . . included the lending decision makers," such documents would be relevant to the defense of the action. (Id.) But defendants make no attempt to defend a request as broad as JPMorgan plausibly reads their actual demand.

JPMorgan claims that it has already agreed to search for responsive documents in the files of, inter alia, all personnel with responsibility for lending decisions under the credit agreement as well as those within the chain of command above them. (Id. at 6.) Defendants dispute JPMorgan's representation that "it has previously 'agreed' to provide responsive documents from persons with lending authority." (Id. at 3 n.1.) Regardless, JPMorgan's argument removes the legs from any claim that disclosure limited to such individuals is burdensome. At the same time, it appears that JPMorgan's agreement concerned a differently formulated document request, which may not have encompassed all documents relating to the Winnick relationship, but focused on documents bearing on the particular lending relationship directly at issue in this case.

Documents concerning the broader relationship between JPMorgan and Winnick's various entities are potentially relevant to defendants' claim that in extending loans to Global Crossing, JPMorgan did not rely on alleged misrepresentations by Global Crossing, but rather extended credit in the interest of cultivating a broader relationship with Winnick. Such documents are only relevant, however, to the extent they affected those senior executives involved in the lending decision, or those above them in the chain of command. Moreover, since by definition defendants are aware of any business relationship they or entities they controlled had with JPMorgan, to the extent any other particular JPMorgan employees may be pertinent, defendants are in a position to identify them specifically.

2

Accordingly, JPMorgan is hereby ORDERED to provide all documents responsive to defendants' request that reside in the files of any personnel with responsibility for making or administering lending decisions under the credit agreement, and all persons in the chain of command over such individuals.

SO ORDERED:

Dated: New York, New York
       September 21, 2005

                                              GERARD E. LYNCH
                                              United States District Judge