UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                 :
JP MORGAN CHASE BANK,          :
                                                 :
                 Plaintiff,         :
                                                 :        03 Civ. 8535 (GEL)
    -against-                          :
                                                 :        **OPINION AND ORDER**
GARY WINNICK, et al.,           :
                                                 :
               Defendants.      :
                                                 :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       Toronto Dominion (Texas) LLC and The Toronto-Dominion Bank (collectively, "Toronto Dominion"), and Bank of America, N.A., move for reimbursement of counsel fees and other costs incurred in responding to discovery requests in this matter. The motions will be denied.

       Toronto Dominion, a non-party to this litigation but one of the Original Lenders as defined in earlier orders of this Court, responded to discovery requests propounded by plaintiff JP Morgan Chase Bank ("JP Morgan") and various defendants. It offers two sources of authority for its current demand. First, it cites prior orders of this Court, including the Order of May 9, 2005, which determined that "plaintiff and assignees should bear the cost of discovery." JP Morgan Chase Bank v. Winnick, et al., 228 F.R.D. 505, 507 (S.D.N.Y. 2005). The quotation is ripped out of context. That Order addressed the allocation of discovery burdens as between the plaintiff and the defendants in the underlying litigation, in light of a dispute about which party should have been required to undertake the burdens of seeking discovery from the Original Lenders. No non-party was before the Court in connection with that Order, and the Order did

not purport to address whether any non-party could seek reimbursement of its costs from either plaintiff or defendants.[1]

Second, Toronto Dominion cites Fed. R. Civ. P. 45(c)(1), which provides that parties seeking third-party discovery "shall take reasonable steps to avoid imposing undue burden or expense" on subpoenaed parties, and that the Court "shall enforce this duty" by imposing on a party "in breach of" it an "appropriate sanction." However, Toronto Dominion offers nothing whatsoever to suggest that any party to this litigation breached the duty imposed by Rule 45. Toronto Dominion at no point objected to any discovery demand made by any party, or sought protection from the Court against any putatively "undue" or excessively burdensome request. Nor does it now argue that any demand made by either party was made "in breach of" the duty to avoid undue burden or expense. Significantly, none of the approximately 50 other Original Lenders has sought reimbursement or argued that the discovery demands placed on them violated Rule 45.

Toronto Dominion claims that it was "subjected to the far more intrusive discovery imposed upon parties to litigation." (TD Br. at 8.) This is simply not so. No order of the Court made Toronto Dominion a party or authorized party discovery against it. Indeed, the Court made clear that *JP Morgan* had "the duty to produce the documents, information, and witness testimony to which defendants would be entitled in discovery from parties under the Federal

---

[1] Similarly, Toronto Dominion cites the Court's Order of February 27, 2006, which required plaintiff and defendants to share costs related to certain electronic discovery. That Order provides movant no basis for reimbursement from any party to the litigation. Like the May 2005 Order, the February 2006 Order addressed a specific dispute between the parties, in that instance over a particular protocol for handling electronic discovery. The Order addressed the allocation of costs between plaintiff and defendants, not the rights of any non-party to shift costs to the parties. In any event, Toronto Dominion was not affected by the Order.

Rules of Civil Procedure." JP Morgan, 228 F.R.D. at 507.  The Court recognized that JP Morgan might not be able to persuade or compel the Original Lenders to provide such documents, and that it would therefore bear the risk of discovery sanctions.  Nothing in any order of the Court compelled any Original Lender to do anything that would not be required of any non-party from whom discovery is sought in any litigation.  Nor did any order place Toronto Dominion in any position other than that of a non-party or deprive it of any right to seek to negotiate reimbursement from JP Morgan or resist inappropriate discovery, including by appeal to the Court if any party failed to comply with its duty under Rule 45.

Toronto Dominion is a large financial institution which is fully as capable of bearing the costs of this discovery as is JP Morgan.  The discovery burden imposed on it is not a significant burden for an institution of its type.  Moreover, Toronto Dominion belonged to the original syndicate of lenders whose rights were being asserted in the lawsuit.  It thereafter assigned its claims, and now it asserts that it "did not account for a premium for potential discovery involving its former interest under the Credit Agreement when it sold such interest."  (TD Br. at 2.)  Perhaps it should have.  It was entirely foreseeable that the purchasers of the debt would bring claims such as those at issue in this lawsuit against defendants, and that defendants would seek discovery concerning the loans that only the Original Lenders could provide.  If the sellers failed to foresee that risk and did not factor such potential costs into the sale price, that is not the fault of the parties to this litigation.  In any event, while Toronto Dominion will not benefit directly from any recovery, the claim of fraud advanced by plaintiff in this case is the sort of litigation that will benefit institutional lenders like Toronto Dominion.

The situation of Bank of America is indistinguishable from that of Toronto Dominion, save in one respect.  Unlike Toronto Dominion, Bank of America has not assigned all of its debt and thus, as it concedes, remains "technically a lender of record under the Global Crossing Credit Agreement with respect to a small fraction of its original syndicated lending to Global Crossing."  (BA R. Br. at 1.)  This grudging concession permits JP Morgan to argue that Bank of America is in fact a party to this litigation, and thus may not seek reimbursement at all.  That argument, in turn, generates a complicated response from Bank of America about whether its arrangement with respect to the unassigned debt is the economic equivalent of an assignment, and to the extent that it is not, whether JP Morgan is itself responsible for the anomalous transaction because it withheld its consent to the assignment in breach of the Credit Agreement.

At a minimum, Bank of America stands in no better position than Toronto Dominion, and thus its motion can be denied for the reasons stated above without entering this thicket.  The complex and confusing nature of the arrangements serves to underscore, however, the interwoven connections between the nominal plaintiff, the Original Lenders, and the assignees who are the Real Parties in Interest in this case.  See JP Morgan, 228 F.R.D. at 506-07 & n.2.  There is no reason for the Court to protect major financial institutions from providing discovery relating to claims that they were defrauded by borrowers, where there is no showing that the expense imposed was significant in relation to the resources of those institutions, or that the parties to the litigation violated their obligation to seek only necessary discovery from these institutions.  Movants' actions were at the heart of this litigation, their interest in which they chose to sell in lieu of seeking recompense themselves.  That they will not directly benefit from the recovery obtained by those who purchased their claims does not entitle them to relief.

SO ORDERED.

Dated: New York, New York
       November 2, 2006

                                                GERARD E. LYNCH
                                                United States District Judge